T. BURKE WONNELL
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907)276-8008, (f)(907)278-8571

CJA Attorney for Defendant, Robert E. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-9-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **SENTENCING MEMORANDUM** |
| VS. ) | |
| ) | |
| ROBERT E. JONES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Defendant pled guilty on April 29, 2006 to a single count of felon in possession of a firearm.  A revised presentence report was distributed June 15, 2006.  It is not believed that any factual or legal disputes will need to be resolved at sentencing.

## I.  Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
        (i) issued by the Sentencing Commission . . .
(5) any pertinent policy statement-
    (A) issued by the Sentencing Commission . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). <u>Id.</u>

## II. Argument

Defendant's undisputed guideline sentencing range is 21-27 months. Apparently, there is also no dispute that a sentence within the guideline range is appropriate. The government seeks a sentence in the middle of the range (24 months) based upon Defendant's criminal history and controlled substances found at the residence he was approaching at the time he was arrested. Defendant's criminal history is factored into the guideline range itself, and should not be considered twice to aggravate his sentence within that range. The undersigned recalls that

the testimony at the preliminary hearing was that the controlled substances at the residence were not found in the open, but rather in a back room.  Law enforcement found no connection between Jones and that residence.  The government's argument about what might have happened is purely speculative.  If Jones had shown up an hour earlier, and found nobody home, he might have left and not been arrested at all.  Considering the lack of aggravating circumstances in this case, a sentence at the bottom of the relevant guideline range (21 months) is "sufficient, but not greater than necessary" to address the sentencing factors of 18 U.S.C. §3553(a).

RESPECTFULLY SUBMITTED this 30th day of June, 2006.

By: s/ T. Burke Wonnell_____
CJA Counsel for Defendant
Paula Marie Roberds
2600 Denali St., Suite 460
Anchorage, AK 99503
Phone: (907)276-8008
E-mail:
tburkewonnell@alaska.net
AK Bar No. 9610049

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies
of the foregoing were sent by electronic mail to:

Frank Russo, Esq.
Marci D. Lundgren

this 30th day of June, 2006.

_____s/ T. Burke Wonnell_____
T. BURKE WONNELL